UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CLYDE JOBE,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:16-cv-1196 AC<br><br><br><br>ORDER |

Plaintiff, through his counsel, brought this 42 U.S.C. § 1983 action on June 1, 2016. ECF No. 1. He paid the full filing fee on that date. Id. In his complaint he alleges that, while he was incarcerated at the Sacramento County Jail, defendants: (1) violated his Eighth Amendment rights by failing to provide him with adequate medical care; (2) violated his Fourteenth Amendment due process rights; (3) failing to furnish or summon medical care pursuant to Cal. Govt. Code § 845.6; (4) were negligent and committed medical malpractice under California state law. Id. at 10-14. The complaint also indicates that plaintiff was no longer a prisoner at the time the complaint was filed in this court. See id. at 4 ("Mr. Jobe was released . . . [h]e is in grave fear of being arrested or coming into contact with police and the jail.").

Plaintiff was not a prisoner at the time he filed this complaint and thus is not a "prisoner" for the purposes of the Prison Litigation Reform Act. See Talamantes v. Leyva, 575 F.3d 1021, 1023 (9th Cir. 2009). As mentioned above, he is represented by counsel and not proceeding in

forma pauperis. Accordingly, the court is not required to screen his complaint pursuant to either the provisions of 28 U.S.C. § 1915 or 42 U.S.C. § 1997e. It is unclear, then, why this action has not progressed beyond the filing of a complaint nearly one year ago. Plaintiff is not entitled to rely on the United States Marshal to serve summons and the complaint. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) ("In cases *involving plaintiffs proceeding in forma pauperis*, the United States Marshal, upon order of the court, is authorized to serve the summons and the complaint.") (emphasis added).

Federal Rule of Civil Procedure 4(m) provides, in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The complaint in this action was filed well in excess of ninety days ago. Accordingly, within twenty-one days of this order's entry, plaintiff should serve defendants. Failing that, he should show cause why this action should not be dismissed without prejudice for failure to serve.

SO ORDERED.

DATED: May 18, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE